UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| AMCO INSURANCE COMPANY; ALLIED INSURANCE COMPANY OF AMERICA; and NATIONWIDE MUTUAL INSURANCE COMPANY OF AMERICA,<br><br>Plaintiffs,<br>v.<br>FOOTWEAR UNLIMITED, INC.; and MALIKA BENNETT,<br><br>Defendants. | Case No.<br><br>COMPLAINT FOR DECLARATORY JUDGMENT |

COME NOW Plaintiffs, AMCO Insurance Company of America, Allied Insurance Company of America, and Nationwide Mutual Insurance Company of America, by and through the undersigned counsel, pursuant to 28 U.S.C. § 2201 and Rule 57 of the Federal Rules of Civil Procedure, and for its Complaint for Declaratory Judgment, hereby states as follows:

**I. PARTIES**

1. Plaintiff AMCO Insurance Company is a foreign insurance company organized and existing under the laws of the State of Iowa, with its principal place of business in the State of Iowa, such that it is a corporate citizen of the State of Iowa.



OGDEN MURPHY WALLACE, PLLC
701 5th Avenue, Suite 5600
Seattle, WA 98104
Tel: 206-447-7000 / Fax: 206-447-0215

2. Plaintiff Allied Insurance Company of America is a foreign insurance company organized and existing under the laws of the State of Ohio, with its principal place of business in the State of Ohio, such that it is a corporate citizen of the State of Ohio.

3. Plaintiff Nationwide Mutual Insurance Company of America is a foreign insurance company organized and existing under the laws of the State of Ohio, with its principal place of business in the State of Ohio, such that it is a corporate citizen of the State of Ohio.

4. Defendant Footwear Unlimited, Inc. ("Footwear") is a foreign corporation organized and existing under the laws of the State of Delaware, with its principal place of business in the State of Missouri, such that it is a corporate citizen of the State of Delaware and the State of Missouri.

5. Defendant Malika Bennett is a resident and citizen of the State of Washington.

## II. JURISDICTION AND VENUE

6. Jurisdiction is proper with this Court pursuant to 28 U.S.C. § 2201 because Plaintiffs are seeking a determination of their rights and obligations under policies of insurance. Jurisdiction is also proper with this Court pursuant to 28 U.S.C. § 1332(a) because the parties are of diverse citizenship and the amount in controversy exceeds Seventy-Five Thousand Dollars ($75,000.00), exclusive of interest and costs.

7. Venue is proper with this Court pursuant to 28 U.S.C. § 1391(a) because a substantial part of the events giving rise to this action occurred within this judicial district.

## III. GENERAL ALLEGATIONS

8. Plaintiffs bring this action seeking an interpretation of insurance policies and a declaration of their rights and obligations thereunder.

9. Plaintiff AMCO Insurance Company issued to Footwear as named insured the following commercial liability insurance policies:

a. Policy No. ACP GLAO 3100130659, with effective dates of August 1, 2021, to August 1, 2022;



OGDEN MURPHY WALLACE, PLLC
701 5th Avenue, Suite 5600
Seattle, WA 98104
Tel: 206-447-7000 / Fax: 206-447-0215

b. Policy No. ACP GLAO 3110130659, with effective dates of August 1, 2022, to August 1, 2023;

c. Policy No. ACP GLAO 3120130659, with effective dates of August 1, 2023, to August 1, 2024; and

d. Policy No. ACP GLAO 3130130659, with effective dates of August 1, 2024, to August 1, 2025.

10. Plaintiff Allied Insurance Company of America issued to Footwear as named insured a commercial liability insurance policy, Policy No. ACP CG043140130659, with effective dates of August 1, 2025, to August 1, 2026.

11. The insurance policies described in paragraphs 9 and 10, *supra*, are referred to collectively herein as the "CGL Policies." Copies of the CGL Policies are attached hereto respectively as Exhibit A-1, Exhibit A-2, Exhibit A-3, Exhibit A-4, and Exhibit A-5, and are incorporated by reference as if fully set forth herein.

12. Subject to their terms, conditions, definitions, limitations, and exclusions, the CGL Policies each provide commercial general liability coverage with limits of $1,000,000 per occurrence, $1,000,000 for personal and advertising injury per person, and $2,000,000 aggregate.

13. The CGL Policies contain the following provisions, among others:

***

**COMMERCIAL GENERAL LIABILITY COVERAGE FORM**

…

Throughout this policy the words "you" and "your" refer to the Named Insured shown in the Declarations …

…

**SECTION I – COVERAGES**
**COVERAGE A – BODILY INJURY AND PROPERTY DAMAGE LIABILITY**

**1. Insuring Agreement**

**a.** We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. …

…

**b.** This insurance applies to "bodily injury" or "property damage" only if:



OGDEN MURPHY WALLACE, PLLC
701 5th Avenue, Suite 5600
Seattle, WA 98104
Tel: 206-447-7000 / Fax: 206-447-0215

**(1)** The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";

…

**2. Exclusions**

This insurance does not apply to:

**a. Expected Or Intended Injury**

"Bodily injury" or "property damage" expected or intended from the standpoint of the insured. …

…

**p. Electronic Data**

Damages arising out of the loss of, loss of use of, damage to, corruption of, inability to access, or inability to manipulate electronic data.

However, this exclusion does not apply to liability for damages because of "bodily injury".

As used in this exclusion, electronic data means information, facts or programs stored as or on, created or used on, or transmitted to or from computer software, including systems and applications software, hard or floppy disks, CD-ROMs, tapes, drives, cells, data processing devices or any other media which are used with electronically controlled equipment.

**q. Recording And Distribution Of Material Or Information In Violation Of Law**

"Bodily injury" or "property damage" arising directly or indirectly out of any action or omission that violates or is alleged to violate:

**(1)** The Telephone Consumer Protection Act (TCPA), including any amendment of or addition to such law;

**(2)** The CAN-SPAM Act of 2003, including any amendment of or addition to such law:

**(3)** The Fair Credit Reporting Act (FCRA), and any amendment of or addition to such law, including the Fair And Accurate Credit Transaction Act (FACTA); or

**(4)** Any federal, state or local statute, ordinance or regulation, other than the TCPA or CAN-SPAM Act of 2003 or FCRA and their amendments and additions, that addresses, prohibits or limits the printing, dissemination, disposal, collecting, recording, sending, transmitting, communicating or distribution of material or information.

…

**COVERAGE B – PERSONAL AND ADVERTISING INJURY LIABILITY**

**1. Insuring Agreement**

**a.** We will pay those sums that the insured becomes legally obligated to pay as damages because of "personal and advertising injury" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. …

…

**2. Exclusions**

This insurance does not apply to:

**a. Knowing Violation Of Rights Of Another**



OGDEN MURPHY WALLACE, PLLC
701 5th Avenue, Suite 5600
Seattle, WA 98104
Tel: 206-447-7000 / Fax: 206-447-0215

"Personal and advertising injury" caused by or at the direction of the insured with the knowledge that the act would violate the rights of another and would inflict "personal and advertising injury".

**b. Material Published With Knowledge Of Falsity**
"Personal and advertising injury" arising out of oral or written publication, in any manner, of material, if done by or at the direction of the insured with knowledge of its falsity.

…

**h. Wrong Description Of Prices**
"Personal and advertising injury" arising out of the wrong description of the price of goods, products or services stated in your "advertisement".

…

**p. Recording And Distribution Of Material Or Information In Violation Of Law**
"Personal and advertising injury" arising directly or indirectly out of any action or omission that violates or is alleged to violate:

**(1)** The Telephone Consumer Protection Act (TCPA), including any amendment of or addition to such law;

**(2)** The CAN-SPAM Act of 2003, including any amendment of or addition to such law:

**(3)** The Fair Credit Reporting Act (FCRA), and any amendment of or addition to such law, including the Fair And Accurate Credit Transaction Act (FACTA); or

**(4)** Any federal, state or local statute, ordinance or regulation, other than the TCPA or CAN-SPAM Act of 2003 or FCRA and their amendments and additions, that addresses, prohibits or limits the printing, dissemination, disposal, collecting, recording, sending, transmitting, communicating or distribution of material or information.

…

**SUPPLEMENTARY PAYMENTS – COVERAGES A AND B**

**1.** We will pay, with respect to any claim we investigate or settle, or any "suit" against an insured we defend:

…

**e.** All court costs taxed against the insured in the "suit". However, these payments do not include attorneys' fees or attorneys' expenses taxed against the insured.

…

**SECTION V – DEFINITIONS**

**1.** "Advertisement" means a notice that is broadcast or published to the general public I specific market segments about your goods, products or services for the purpose of attracting customers or supporters. …

…



OGDEN MURPHY WALLACE, PLLC
701 5th Avenue, Suite 5600
Seattle, WA 98104
Tel: 206-447-7000 / Fax: 206-447-0215

**3.**[1] "Bodily Injury" means bodily injury, sickness or disease sustained by a person, including mental anguish, mental injury, shock, fright, or death resulting from any of these at any time.

…

**13.** "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

**14.** "Personal and advertising injury" means injury, including consequential "bodily injury", arising out of one or more of the following offenses:

- **a.** False arrest, detention or imprisonment;
- **b.** Malicious prosecution;
- **c.** The wrongful eviction from, wrongful entry into, or invasion of the right of private occupancy of a room, dwelling or premises that a person occupies, committed by or on behalf of its owner, landlord or lessor;
- **d.** Oral or written publication, in any manner, of material that slanders or libels a person or organization or disparages a person's or organization's goods, products or services;
- **e.** Oral or written publication, in any manner, of material that violates a person's right of privacy;
- **f.** The use of another's advertising idea in your "advertisement"; or
- **g.** Infringing upon another's copyright, trade dress or slogan in your "advertisement".
- **h.**[2] Discrimination because of race, color, creed, national origin, age, sex or physical disability, where insurance therefore is not prohibited by law …

…

**17.** "Property damage" means:

- **a.** "Physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or
- **b.** Loss of use of tangible property that is not physically injured. All such loss of use shall be deemed to occur at the time of the "occurrence" that caused it.

For the purposes of this insurance, electronic data is not tangible property.

As used in this definition, electronic data means information, facts or programs stored as or on, created or used on, or transmitted to or from computer software, including systems and applications software, hard or floppy disks, CD-ROMs, tapes, drives, cells, data processing devices or any other media which are used with electronically controlled equipment.

***

*See* Exhibits A-1, A-2, A-3, A-4, and A-5.

---

[1] Per endorsement CG 80 42 12 16 in the CGL Policies effective 2021-2025. Per endorsement NCG 80 42 08 22 in the CGL Policy effective 2025-2026.

[2] Per endorsement CG 80 42 12 16 in the CGL Policies effective 2021-2025. Per endorsement NCG 80 42 08 22 in the CGL Policy effective 2025-2026.



OGDEN MURPHY WALLACE, PLLC
701 5th Avenue, Suite 5600
Seattle, WA 98104
Tel: 206-447-7000 / Fax: 206-447-0215

14. Plaintiff AMCO Insurance Company also issued to Footwear as named insured the following commercial umbrella liability insurance policies:

a. Policy No. ACP CAA 3100130659, with effective dates of August 1, 2021, to August 1, 2022;

b. Policy No. ACP CAA 3110130659, with effective dates of August 1, 2022, to August 1, 2023;

c. Policy No. ACP CAA 3120130659, with effective dates of August 1, 2023, to August 1, 2024; and

d. Policy No. ACP CAA 3130130659, with effective dates of August 1, 2024, to August 1, 2025.

15. Plaintiff Nationwide Mutual Insurance Company issued to Footwear as named insured a commercial umbrella liability insurance policy, Policy No. CU023140130659, with effective dates of August 1, 2025, through August 1, 2026.

16. The insurance policies described in paragraphs 14 and 15, *supra*, are referred to collectively herein as the "Umbrella Policies." Copies of the Umbrella Policies are attached hereto respectively as Exhibit B-1, Exhibit B-2, Exhibit B-3, Exhibit B-4, and Exhibit B-5, and are incorporated by referenced as if fully set forth herein.

17. Subject to their terms, conditions, definitions, limitations, and exclusions, the Umbrella Policies in effect from August 1, 2021, through August 1, 2025, provide excess follow form liability coverage and umbrella liability coverage with limits of $5,000,000 each occurrence and $5,000,000 aggregate, while the Umbrella Policy in effect from August 1, 2025, to August 1, 2026, provides umbrella liability coverage with limits of $5,000,000 each occurrence and $5,000,000 aggregate. Each of the Umbrella Policies contains a schedule of underlying insurance which lists the corresponding CGL Policy.

18. The Umbrella Policies in effect from August 1, 2021, to August 1, 2025, contain the following provisions, among others:



OGDEN MURPHY WALLACE, PLLC
701 5th Avenue, Suite 5600
Seattle, WA 98104
Tel: 206-447-7000 / Fax: 206-447-0215

***

**COMMERCIAL UMBRELLA LIABILITY POLICY**

…

Throughout this policy the words "you" and "your" refer to the Named Insured shown in the Declarations …

…

**INSURING AGREEMENTS**

**A. Coverage A – Excess Follow Form Liability Insurance**

**1.** Under Coverage A, we will pay on behalf of the "insured" that part of "loss" covered by this insurance in excess of the total applicable limits of "underlying insurance", provided the injury or offense takes place during the Policy Period of this policy. The terms and conditions of "underlying insurance" are, with respect to Coverage A, made a part of this policy except with respect to:

**a.** any contrary provision contained in this policy; or

**b.** any provision in this policy for which a similar provision is not contained in "underlying insurance".

…

**4.** Notwithstanding anything to the contrary contained above, if "underlying insurance" does not cover "loss" for reasons other than exhaustion of an aggregate limit of insurance by payment of claims, then we will not cover such "loss".

…

**B. Coverage B – Umbrella Liability Insurance**

**1.** Under Coverage B, we will pay on behalf of the "insured" damages the "insured" becomes legally obligated to pay by reason of liability imposed by law because of "bodily injury", "property damage", or "personal and advertising injury" covered by this insurance which takes place during the Policy Period and is caused by an "occurrence". …

…

**5.** Coverage B will not apply to any loss, claim or "suit" for which for which insurance is afforded under "underlying insurance" or would have been afforded except for the exhaustion of the limits of insurance of "underlying insurance".

…

**8.** This insurance applies to "bodily injury" and "property damage" only if:

**a.** The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";

…

**DEFENSE AND SUPPLEMENTARY PAYMENTS**

**Applicable to Coverage A and Coverage B**

**A.** We have the right and duty to assume control of the investigation, settlement or defense of any claim or "suit" against the "insured" for damages covered by this policy:

**1.** under Coverage A, when the applicable limit of "underlying insurance" has been exhausted by payment of claims; or



OGDEN MURPHY WALLACE, PLLC
701 5th Avenue, Suite 5600
Seattle, WA 98104
Tel: 206-447-7000 / Fax: 206-447-0215

**2.** under Coverage B, when damages are sought for "bodily injury", "property damage", or "personal and advertising injury" to which no "underlying insurance" or "other insurance" applies.

**B.** In those circumstances were paragraph A. above applies, in addition to the applicable Limits of Insurance we will pay our expenses and the following to the extent that they are not included in "underlying insurance":

…

**4.** All court costs taxed against the "insured" in the "suit". However, these payments do not include attorneys' fees or attorneys' expenses taxed against the "insured";

…

**EXCLUSIONS**

**A. Applicable to Coverage A and Coverage B**

Under Coverage A and Coverage B, this insurance does not apply to:

…

**10.** Punitive Damages

Any punitive or exemplary damages, fines or penalties.

**11.** Electronic Data

Damages arising out of the loss of, loss of use of, damage to, corruption of, inability to access or inability to manipulate electronic data.

As used in this exclusion, electronic data means information, facts or programs stored as or on, created or used on, or transmitted to or from computer software, including systems and applications software, hard or floppy disks, CD-ROMs, tapes, drives, cells, data processing devices or any other media which are used with electronically controlled equipment.

…

**B. Applicable to Coverage A Only**

The exclusions applicable to the "underlying insurance" also apply to this insurance. …

…

**C. Applicable to Coverage B Only**

Under Coverage B Only, this insurance does not apply to:

**1.** Expected Or Intended Injury

"Bodily injury" or "property damage" expected or intended from the standpoint of the insured. …

…

**13.** Recording And Distribution Of Material Or Information In Violation Of Law

"Bodily injury", "property damage", or "personal and advertising injury" arising directly or indirectly out of any action or omission that violates or is alleged to violate:

**a.** The Telephone Consumer Protection Act (TCPA), including any amendment of or addition to such law;

**b.** The CAN-SPAM Act of 2003, including any amendment of or addition to such law:

**c.** The Fair Credit Reporting Act (FCRA), and any amendment of or addition to such law, including the Fair And Accurate Credit Transaction Act (FACTA); or



OGDEN MURPHY WALLACE, PLLC
701 5th Avenue, Suite 5600
Seattle, WA 98104
Tel: 206-447-7000 / Fax: 206-447-0215

**d.** Any federal, state or local statute, ordinance or regulation, other than the TCPA or CAN-SPAM Act of 2003 or FCRA and their amendments and additions, that addresses, prohibits or limits the printing, dissemination, disposal, collecting, recording, sending, transmitting, communicating or distribution of material or information.

**14.** "Personal and Advertising Injury"

**a.** Knowing Violation Of Rights Of Another
Caused by or at the direction of the insured with the knowledge that the act would violate the rights of another and would inflict "personal and advertising injury".

**b.** Material Published With Knowledge Of Falsity
Arising out of oral or written publication, in any manner, of material, if done by or at the direction of the insured with knowledge if its falsity.

…

**g.** Wrong Description Of Prices
Arising out of the wrong description of the price of goods, products or services stated in your "advertisement".

…

**DEFINITIONS**

**A. Applicable to Coverage A and Coverage B**
As used in Coverage A and Coverage B:

…

**6.** "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

…

**13.** **"**Underlying insurance" means the policy or policies of insurance listed in the Schedule of Underlying Insurance forming part of this policy ….

…

**C. Applicable to Coverage B Only**
As used in Coverage B:

**1.** "Advertisement" means a notice that is broadcast or published to the general public or specific market segments about your goods, products, or services for the purpose of attracting customers or supporters.

**2.** "Bodily injury" means physical injury, sickness or disease to a person and, if arising out of the foregoing, mental anguish, mental injury, shock or humiliation, including death at any time resulting therefrom.

…

**9.** Personal and advertising injury" means injury, including consequential "bodily injury", arising out of one or more of the following offenses committed in the course of your business:

**a.** False arrest, detention or imprisonment;
**b.** Malicious prosecution;



OGDEN MURPHY WALLACE, PLLC
701 5th Avenue, Suite 5600
Seattle, WA 98104
Tel: 206-447-7000 / Fax: 206-447-0215

**c.** The wrongful eviction from, wrongful entry into, or invasion of the right of private occupancy of a room, dwelling or premises that a person occupies, committed by or on behalf of its owner, landlord or lessor;

**d.** Oral or written publication, in any manner, of material that slanders or libels a person or organization or disparages a person's or organization's goods, products or services;

**e.** Oral or written publication, in any manner, of material that violates a person's right of privacy;

**f.** The use of another's advertising idea in your "advertisement"; or

**g.** Infringing upon another's copyright, trade dress or slogan in your "advertisement".

**10.** "Property damage" means:

**a.** physical injury to tangible property, including all resulting loss of use of that property. …

**b.** loss of use of tangible property that is not physically injured. …

***

*See* Exhibits B-1, B-2, B-3, and B-4.

19. The Umbrella Policy in effect from August 1, 2025, to August 1, 2026, contains the following provisions, among others:

***

**COMMERCIAL LIABILITY UMBRELLA COVERAGE FORM**

…

Throughout this policy the words "you" and "your" refer to the Named Insured shown in the Declarations ….

…

**SECTION I – COVERAGES**

**COVERAGE A – BODILY INJURY AND PROPERTY DAMAGE LIABILITY**

**1. Insuring Agreement**

**a.** We will pay on behalf of the insured the "ultimate net loss" in excess of the "retained limit" because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking damages for such "bodily injury" or "property damage" when the "underlying insurance" does not provide coverage or the limits of "underlying insurance" have been exhausted. …

…

**c.** This insurance applied to "bodily injury" and "property damage" only if:

**(1)** The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";

…

**2. Exclusions**



OGDEN MURPHY WALLACE, PLLC
701 5th Avenue, Suite 5600
Seattle, WA 98104
Tel: 206-447-7000 / Fax: 206-447-0215

This insurance does not apply to:

**a.** **Expected Or Intended Injury**

"Bodily injury" or "property damage" expected or intended from the standpoint of the insured. ….

…

**t.** **Electronic Data**

Damages arising out of the loss of, loss of use of, damage to, corruption of, inability to access or inability to manipulate electronic data.

However, this exclusion does not apply to liability for damages because of "bodily injury".

As used in this exclusion, electronic data means information, facts or programs stored as or on, created or used on, or transmitted to or from computer software, including systems and applications software, hard or floppy disks, CD-ROMs, tapes, drives, cells, data processing devices or any other media which are used with electronically controlled equipment.

…

**u.** **Recording And Distribution Of Material Or Information In Violation Of Law**

"Bodily injury" or "property damage" arising directly or indirectly out of any action or omission that violates or is alleged to violate:

**(1)** The Telephone Consumer Protection Act (TCPA), including any amendment of or addition to such law;

**(2)** The CAN-SPAM Act of 2003, including any amendment of or addition to such law;

**(3)** The Fair Credit Reporting Act (FCRA), and any amendment of or addition to such law, including the Fair and Accurate Credit Transactions Act (FACTA); or

**(4)** Any federal, state or local statute, ordinance or regulation, other than the TCPA, CAN-SPAM Act of 2003 or FCRA and their amendments and additions, that addresses, prohibits, or limits the printing, dissemination, disposal, collecting, recording, sending, transmitting, communicating or distribution of material or information.

**COVERAGE B – PERSONAL AND ADVERTISING INJURY LIABILITY**

**1.** **Insuring Agreement**

**a.** We will pay on behalf of the insured the "ultimate net loss" in excess of the "retained limit" because of "personal or advertising injury" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking damages for such "personal and advertising injury" when the "underlying insurance" does not provide coverage or the limits of "underlying insurance" have been exhausted. …

…

**2.** **Exclusions**

This insurance does not apply to:

**a.** "Personal and advertising injury":

**(1)** **Knowing Violation Of Rights Of Another**

Caused by or at the direction of the insured with the knowledge that the act would violate the rights of another and would inflict "personal and advertising injury".



OGDEN MURPHY WALLACE, PLLC
701 5th Avenue, Suite 5600
Seattle, WA 98104
Tel: 206-447-7000 / Fax: 206-447-0215

**(2) Material Published With Knowledge Of Falsity**
Arising out of oral or written publication, in any manner, of material, if done by or at the direction of the insured with knowledge of its falsity.

…

**(8) Wrong Description Of Prices**
Arising out of the wrong description of the price of goods, products or services stated in your "advertisement".

…

**(17) Recording And Distribution Of Material Or Information In Violation Of Law**
Arising directly or indirectly out of any action or omission that violates or is alleged to violate:

**(a)** The Telephone Consumer Protection Act (TCPA), including any amendment of or addition to such law;

**(b)** The CAN-SPAM Act of 2003, including any amendment of or addition to such law;

**(c)** The Fair Credit Reporting Act (FCRA), and any amendment of or addition to such law, including the Fair and Accurate Credit Transactions Act (FACTS); or

**(d)** Any federal, state or local statute, ordinance or regulation, other than the TCPA, CAN-SPAM Act of 2003 or FCRA and their amendments and additions, that addresses, prohibits, or limits the printing, dissemination, disposal, collecting, recording, sending, transmitting, communicating or distribution of material or information.

…

**SUPPLEMENTARY PAYMENTS – COVERAGES A AND B**

**1.** We will pay, with respect to any claim we investigate or settle, or any "suit" against an insured we defend, when the duty to defend exists:

…

**e.** All court costs taxed against the insured in the "suit". However, these payments do not include attorneys' fees or attorneys' expenses taxed against the insured.

…

**SECTION V – DEFINITIONS**

1. "Advertisement" means a notice that is broadcast or published to the general public or specific market segments about your goods, products or services for the purpose of attracting customers or supporters. …

…

**3.**[3] "Bodily injury" means bodily injury, disability, sickness or disease sustained by a person, including death resulting from any of these at any time. "Bodily injury" includes mental anguish or other mental injury.

…

[3] Per endorsement CU 24 20 09 00.



OGDEN MURPHY WALLACE, PLLC
701 5th Avenue, Suite 5600
Seattle, WA 98104
Tel: 206-447-7000 / Fax: 206-447-0215

**13.** "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

**14.** "Personal and advertising injury" means injury, including consequential "bodily injury", arising out of one or more of the following offenses:

**a.** False arrest, detention or imprisonment;

**b.** Malicious prosecution;

**c.** The wrongful eviction from, wrongful entry into, or invasion of the right of private occupancy of a room, dwelling or premises that a person occupies, committed by or on behalf of its owner, landlord or lessor;

**d.** Oral or written publication, in any manner, of material that slanders or libels a person or organization or disparages a person's or organization's goods, products or services;

**e.** Oral or written publication, in any manner, of material that violates a person's right of privacy;

**f.** The use of another's advertising idea in your "advertisement"; or

**g.** Infringing upon another's copyright, trade dress or slogan in your "advertisement".

…

**18.** "Property damage" means:

**a.** Physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or

**b.** Loss of use of tangible property that is not physically injured. All such loss of use shall be deemed to occur at the time of the "occurrence" that caused it.

…

For the purposes of this insurance … electronic data is not tangible property.

As used in this definition, electronic data means information, facts or programs stored as or on, created or used on, or transmitted to or from computer software (including systems and applications software), hard or floppy disks, CD-ROMs, tapes, drives, cells, data processing devices or any other media which are used with electronically controlled equipment.

…

**24.** "Underlying insurance" means any policies of insurance listed in the Declarations under the Schedule of "underlying insurance".

***

*See* Exhibit B-5.

20. All of the above-described insurance policies, which contain Missouri-specific endorsements, were delivered to Footwear at its principal business location in Missouri. Missouri law applies to all of the above-described insurance policies.

21. On February 6, 2026, Malika Bennett filed a class action lawsuit in the Superior Court of King County, Washington, bearing case number 26-2-05019-8 SEA (the "Underlying Lawsuit"),



OGDEN MURPHY WALLACE, PLLC
701 5th Avenue, Suite 5600
Seattle, WA 98104
Tel: 206-447-7000 / Fax: 206-447-0215

naming Footwear as the defendant. A copy of the complaint from the Underlying Lawsuit is attached hereto as Exhibit C.

22. The Underlying Lawsuit was subsequently removed to the United States District Court for the Western District of Washington, where it bears case number 2:26-cv-00822-TL.

23. The Underlying Lawsuit alleges that Footwear has violated the Washington Commercial Electronic Mail Act (CEMA), RCW 19.190.020, by transmitting emails with false or misleading information in the subject line to Washington consumers.

24. It is alleged that Footwear has repeatedly engaged in the practice of sending emails with subject lines stating a misleading or false end date of a promotional sale for its products.

25. In addition to seeking an injunction prohibiting Footwear from sending such emails in the future, the Underlying Lawsuit also alleges damages under the Washington Consumer Protection Act (CPA), RCW 19.86.020, seeking the greater of actual damages or $500 statutory damages per violation.

26. The Underlying Lawsuit asserts that the class size is estimated to minimally contain thousands of members, such that the total amount of relief alleged in the Underlying Lawsuit far exceeds Seventy-Five Thousand Dollars ($75,000.00).

27. Footwear made a tender for defense and indemnity to Plaintiffs under the CGL Policies and the Umbrella Policies with respect to the Underlying Lawsuit.

28. Plaintiffs have provided and continue to provide a defense to Footwear in the Underlying Lawsuit, subject to a full reservation of rights.

29. An actual case or controversy of a judicial nature exists between the parties concerning the rights and obligations of each party under the CGL Policies and Umbrella Policies, and litigation as to this controversy is inevitable and imminent.

30. Resolution of the matters raised in this Complaint for Declaratory Judgment will dispose of all issues and disputes between the parties.



OGDEN MURPHY WALLACE, PLLC
701 5th Avenue, Suite 5600
Seattle, WA 98104
Tel: 206-447-7000 / Fax: 206-447-0215

31. All necessary and proper parties are before the Court with respect to the matters in controversy.

32. Plaintiffs have no adequate remedy at law.

## IV. COUNT I – DECLARATORY JUDGMENT

**Recording And Distribution Of Material Or Information In Violation of Law Exclusion**

33. Plaintiffs hereby reincorporate and re-allege each and every allegation set forth in Paragraphs 1 through 32 above.

34. Each of the CGL Policies and Umbrella Policies exclude coverage for "bodily injury," "property damage," and "personal and advertising injury" arising directly or indirectly out of any action or omission that violates or is alleged to violate any state statute which, similar to the TCPA and CAP-SPAM Act of 2003, prohibits or limits the dissemination, sending, transmitting, and/or communicating of certain material and information.

35. All of the claims asserted in the Underlying Lawsuit allege the violation of CEMA, a state statute which prohibits the sending, transmitting, and communicating emails with misleading subject lines.

36. Therefore, Plaintiffs request a declaration and an adjudication from the Court that the claims asserted in the Underlying Lawsuit are entirely barred from coverage by the Recording And Distribution Of Material Or Information In Violation of Law Exclusion, and Plaintiffs have no duty to defend or indemnify Footwear in the Underlying Lawsuit.

## V. COUNT II – DECLARATORY JUDGMENT

**Damages for "bodily injury," "property damage," and "personal and advertising injury"**

37. Plaintiffs hereby reincorporate and re-allege each and every allegation set forth in Paragraphs 1 through 32 above.

38. The CGL Policies and Umbrella Policies only provide coverage for damages that are because of "bodily injury," "property damage," or "personal and advertising injury," terms which are all defined in the Policies as set forth above.



OGDEN MURPHY WALLACE, PLLC
701 5th Avenue, Suite 5600
Seattle, WA 98104
Tel: 206-447-7000 / Fax: 206-447-0215

39. The Underlying Lawsuit alleges the unlawful sending of emails with misleading subject lines.

40. Nothing in the Underlying Lawsuit alleges anything in the nature of "bodily injury," as no bodily injury, disability, sickness or disease is alleged.

41. Nothing in the Underlying Lawsuit alleges anything in the nature of "property damage," as no physical injury to or loss of use of tangible property is alleged.

42. Nothing in the Underlying Lawsuit alleges anything in the nature of "personal and advertising injury," as no injury arising out of false arrest, false detention, false imprisonment, malicious prosecution, wrongful eviction, wrongful entry, invasion of the right of private occupancy, defamation, disparagement, invasion of the right of privacy, use of another's advertising ideas, infringement of intellectual property rights, or discrimination is alleged.

43. Additionally, the attorneys' fees claimed in the Underlying Lawsuit are not damages for "bodily injury," "property damage," or "personal and advertising injury," and the Supplementary Payments provisions specifically exclude coverage for attorneys' costs and expenses taxed against the insured.

44. Therefore, Plaintiffs request a declaration and an adjudication from the Court that the Underlying Lawsuit does not allege any damages for "bodily injury," "property damage," or "personal and advertising injury," and since such damages are required by the insuring agreements in order for coverage to possibly apply, Plaintiffs have no duty to defend or indemnify Footwear in the Underlying Lawsuit.

## VI. COUNT III – DECLARATORY JUDGMENT

### "Occurrence" and expected/knowingly caused injury exclusions

45. Plaintiffs hereby reincorporate and re-allege each and every allegation set forth in Paragraphs 1 through 32 above.

46. The "bodily injury" and "property damage" liability coverages in the Policies only apply if such injury or damage is caused by an "occurrence," a term defined to mean an accident.



OGDEN MURPHY WALLACE, PLLC
701 5th Avenue, Suite 5600
Seattle, WA 98104
Tel: 206-447-7000 / Fax: 206-447-0215

47. Similarly, the Policies exclude coverage for "bodily injury" or "property damage" that is expected or intended from the standpoint of the insured.

48. Additionally, the Policies exclude coverage for "personal and advertising injury" caused by the insured with knowledge that the act would violate the rights of another and would inflict "personal and advertising injury."

49. The Underlying Lawsuit alleges that Footwear intentionally and/or knowingly sent emails with false or misleading subject lines.

50. Such alleged conduct is not accidental, and any harm resulting from such intentional and/or knowingly committed conduct implicates the exclusions referenced herein.

51. Therefore, Plaintiffs request a declaration and an adjudication from the Court that the claims asserted in the Underlying Lawsuit do not involve an "occurrence" and implicate the exclusions pertaining to intended, expected, and knowingly caused injury, such that Plaintiffs have no duty to defend or indemnify Footwear in the Underlying Lawsuit.

## VII. COUNT IV – DECLARATORY JUDGMENT

### Electronic data exclusion

52. Plaintiffs hereby reincorporate and re-allege each and every allegation set forth in Paragraphs 1 through 32 above.

53. The Policies exclude coverage for "bodily injury" and "property damage" arising out of the loss of, loss of use of, damage to, corruption of, inability to access or inability to manipulate electronic data.

54. Pleading in the alternative to Count II, *supra*, if it is determined that the allegedly unlawful emails sent by Footwear caused any issues concerning the recipients' ability to receive other emails or use other software on their devices, this exclusion would apply as an additional defense to coverage because such loss of use would have been caused by the inability to access or manipulate the electronic data that was the recipients' email software.



OGDEN MURPHY WALLACE, PLLC
701 5th Avenue, Suite 5600
Seattle, WA 98104
Tel: 206-447-7000 / Fax: 206-447-0215

55. Therefore, Plaintiffs request a declaration and an adjudication from the Court that even if "property damage" were deemed to have been alleged in the Underlying Lawsuit, that "property damage" would be excluded from coverage by the Electronic Data exclusion, such that Plaintiffs have no duty to defend or indemnify Footwear in the Underlying Lawsuit.

## VIII. COUNT V – DECLARATORY JUDGMENT

### Knowledge of falsity and description of prices exclusions

56. Plaintiffs hereby reincorporate and re-allege each and every allegation set forth in Paragraphs 1 through 32 above.

57. The Policies exclude coverage for "personal and advertising injury" arising out of the publication of material with knowledge of its falsity.

58. The Policies also exclude coverage for "personal and advertising injury" arising out of the wrong description of prices in Footwear's advertisement.

59. The Underlying Lawsuit alleges that the emails sent by Footwear intentionally misstated information concerning promotional sales of Footwear's products.

60. Pleading in the alternative to Count II, *supra*, if it is determined that the Underlying Lawsuit alleges a "personal and advertising injury," these exclusions would apply as additional defenses to coverage because any such "personal and advertising injury" would arise out of the publication of material with knowledge of its falsity and out of the wrong description of prices.

61. Therefore, Plaintiffs request a declaration and an adjudication from the Court that even if "personal and advertising injury" were deemed to have been alleged in the Underlying Lawsuit, that that injury would be excluded from coverage by the exclusions referenced herein, such that Plaintiffs have no duty to defend or indemnify Footwear in the Underlying Lawsuit.

## IX. PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request this Court to declare the rights and obligations of the parties under the insurance policies and to enter judgment as follows:



OGDEN MURPHY WALLACE, PLLC
701 5th Avenue, Suite 5600
Seattle, WA 98104
Tel: 206-447-7000 / Fax: 206-447-0215

1. A declaratory judgment entered in favor of Plaintiffs, granting the relief sought in Counts I-V, and adjudging and declaring that there is no applicable coverage under the CGL Policies and the Umbrella Policies for the Underlying Lawsuit and that Plaintiffs have no duty to defend or indemnify Footwear in the Underlying Lawsuit; and
2. Reasonable fees and costs, as appropriate and allowed by law;
3. For such other and further relief as the Court deems just and equitable under the circumstances.

DATED this 15th day of September, 2026.

OGDEN MURPHY WALLACE, P.L.L.C.

By *s/Daniel F. Shickich*
Daniel F. Shickich, WSBA #46479
dshickich@omwlaw.com
701 Fifth Avenue, Suite 5600
Seattle, WA 98104
Tel: 206-447-7000
Fax: 206-447-0215
*Attorney for Plaintiffs*